## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH GROCE,** | : | **CIVIL ACTION NO. 1:26-CV-995** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| v. | : | |
| | : | |
| **SCI COAL TOWNSHIP** | : | |
| **MAILROOM,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case in which plaintiff alleges civil rights violations based on three instances when his mail was not sent out by prison officials and four instances when he was denied video visits. The court will dismiss the complaint with prejudice and close this case.

## I.      Factual Background & Procedural History

Plaintiff, Kenneth Groce, is an inmate in Coal Township State Correctional Institution ("SCI-Coal Township").[1] He filed this case on April 13, 2026, and amended his complaint on May 8, 2026, and May 22, 2026. (Docs. 1, 9, 13). According to the second amended complaint, Groce attempted to send mail out from his cell on three occasions in March and April of 2026, but it was sent back to him. (Doc. 13 at 1). The complaint further alleges that prison officials in SCI-Coal Township's Restricted Housing Unit ("RHU") have failed to escort him to video visits on four occasions between February 2026 and May 2026. (Id.) Groce does not provide any factual allegations as to when, how, or why these actions took place, nor does he state which individual officials were responsible for the actions. (Id.) The complaint names as defendants the SCI-Coal Township Mailroom and the SCI-Coal Township RHU staff. (Id.) Groce alleges that the defendants' actions constitute

---

[1] Prior to her appointment to this court, the undersigned was employed as an attorney with the Pennsylvania Office of the Attorney General ("OAG"), which frequently represents individuals employed by the Pennsylvania Department of Corrections ("DOC") and state correctional institutions. Canon 3(C) of the Code of Conduct for United States Judges requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." A federal statute similarly requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the court has reviewed this matter and concludes that disqualification is not necessary. Although the undersigned has represented DOC and state correctional employees in numerous past cases, the undersigned does not have a personal relationship with any individual prison employees named in the complaint, as there are no individual employees named or mentioned in any capacity. The undersigned also does not have any personal knowledge of the plaintiff or the facts of this case.

deliberate indifference, cruel and unusual punishment, and violation of DOC policy. (Id.) Groce seeks injunctive relief and damages. (Id.)

## II.   **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual

allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III.    Discussion

Plaintiff's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Although Groce frames his claims as Eighth Amendment violations for deliberate indifference and cruel and unusual punishment, they are more properly understood as claims for violations of his First Amendment rights to freedom of

5

speech and freedom of association. Under either theory, however, they clearly fail to state a claim. Isolated incidents of interference with a prisoner's mail do not violate the constitution. See, e.g., Iwanicki v. Pa. Dep't of Corrs., 582 F. App'x 75, 79 (3d Cir. 2014); Nixon v. Sec'y Pa. Dept. of Corrs, 501 F. App'x 176, 178 (3d Cir. 2012). Similarly, isolated incidents of a prisoner being denied visits do not violate his constitutional rights. See Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (holding that inmate does not retain unfettered right of freedom to association in prison); see also, e.g., Labella v. Gonzales, No. 07-CV-2718, 2008 WL 682247, at *7 (D.N.J. Mar. 7, 2008) (noting that isolated incident limiting plaintiff's ability to have a visit does not amount to a violation of his constitutional rights). Groce does not allege a systemic violation of his rights; he simply alleges scattered, isolated incidents. This does not violate his constitutional rights.[4]

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. The court will deny leave to amend as futile because it does not appear that any amendment could cure the defects in Groce's claims given that he only alleges scattered, isolated incidents of mail not being sent and video visits not occurring, both of which do not amount to constitutional violations as a matter of law.

---

[4] The complaint would also be subject to dismissal because Groce has not named any individual defendants. Neither the SCI-Coal Township mailroom nor the SCI-Coal Township RHU are "persons" who may be sued for civil rights violations under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

6

IV.     **Conclusion**

This case is dismissed with prejudice pursuant to 28 U.S.C. § 1915 and 28

U.S.C. § 1915A. An appropriate order shall issue.


/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     June 2, 2026